UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH DEMOND WRIGHT, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. ) | Case No. CV416-175<br>CR401-175 |

## REPORT AND RECOMMENDATION

This Court has denied two prior 28 U.S.C. § 2255 motions filed by defendant Joseph Demond Wright. CR401-175, doc. 17 (S.D. Ga. Mar. 31, 2003) (relief denied on the merits); docs. 26 & 27 (S.D. Ga. Jan. 9, 2006) (dismissed as successive). This is his third,[1] doc. 31, only this time he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and otherwise triggering a lot

---

[1] It is conspicuous that he did not use an available § 2255 form, which demands that all movants disclose prior § 2255 filings. Instead, he used a "home-brewed" version which, unsurprisingly, makes no mention of any prior filings. *See also* doc. 54 (his supplemental brief which he styled as a "Motion To Supplement (Etc.), but was not docketed as a motion. The Court has considered this brief, which is a rehash of his latest § 2255 motion.

of successive filings. *See, e.g., In re Fleur*, 824 F.3d 1337 (11th Cir. 2016); *In re Hines*, 824 F.3d 1334 (11th Cir. 2016), and *In re Ricardo Pinder, Jr.*, 824 F.3d 977 (11th Cir. 2016).

Some of those successive-writ movants have been winning relief at the appellate level. *See, e.g., In re Moore*, ___ F.3d ___, 2016 WL 4010433 at * 4 (11th Cir. July 27, 2016) ("Accordingly, because Moore has made a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby GRANTED."); *In re Hubbard*, 825 F.3d 225, 235 (4th Cir. 2016) ("Because application of *Johnson* to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

That's where Wright needs to go with his latest (June 24, 2016 signature-filed) § 2255 motion. Doc. 31 at 13. And given the time constraints illuminated by the concurrence in *In re Robinson*, 822 F.3d

1196, 1198 (11th Cir. 2016) ("As best I can tell, all the prisoners we turned away may only have until June 26, 2016, to refile applications based on Johnson."), the Clerk should be **DIRECTED** to simply transfer his § 2255 motion directly to the Eleventh Circuit.

Finally, the Court **DENIES** Wright's motion to appoint counsel, doc. 33, since the Court lacks jurisdiction over this case.

**SO REPORTED AND RECOMMENDED,** this  30th   day of August, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA